IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RASHAAN GOLDEN #1070308 | § | |
| VS. | § | CIVIL ACTION NO. 6:11CV20 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-entitled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was heretofore referred to United States Magistrate Judge Judith K. Guthrie. The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Petitioner has filed objections.

Having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Specifically, Petitioner contends his petition is not time-barred under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d). He renews his argument that he has obtained "newly discovered evidence" tending to show his "actual innocence" in the form of a letter from John Plunkett, M.D., generally discussing the theoretical medical difference between a "drowning" and "near-drowning" event. As the Magistrate Judge found, this is not new factual evidence establishing "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D), but simply the development of a new legal theory. Petitioner has not claimed that he has discovered any new evidence relating to the facts of the case for which he was convicted, any inconsistencies that emerged

1

during trial, or any other possible source of factually new evidence. To show actual innocence with new evidence, a habeas petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). Petitioner's opinion letter from Dr. Plunkett does not fit this bill; it is not new evidence, but simply a new legal theory. He has made no showing whatsoever that a jury would have found him other than guilty.

Further, Petitioner does not make a viable argument to justify equitable tolling in his case. His lengthy argument still essentially comes down to a claim of miscarriage of justice if his "actual innocence" claim were not heard, just as he has previously argued. As the Magistrate Judge found, that does not meet the requirements that he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, - - - U.S. - - - -, 130 S. Ct. 2549, 2563, 177 L. Ed. 2d 130 (2010). His petition is therefore time-barred. It is therefore

**ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions by either party not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 31st day of May, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**